PER CURIAM.
The defendant, Larry Robinson, was charged with distribution of cocaine, a violation of LSA-R.S. 40:967A(1). Pursuant to a plea agreement, the defendant pled guilty to the responsive crime of simple possession of cocaine, a violation of LSA-R.S. 40:967C. The defendant was sentenced to the maximum period of incarceration, five years at hard labor, which sentence he appeals as excessive. Finding no merit to this assignment of error, we affirm.
On November 23, 1989, Ouachita. Parish Sheriff’s investigators arranged to have a confidential informant purchase $30 worth of cocaine from the defendant using *610 marked bills. After the transaction, the defendant was arrested and found to be in possession of the marked money. The defendant admitted that he sold the cocaine to the informant. The substance sold by the defendant was later tested and positively identified as cocaine.
On appeal, the defendant concedes that the trial court adequately complied with LSA-C.Cr.P. Art. 894.1. The defendant limits his argument to the length of the sentence, claiming the five-year hard labor sentence is constitutionally excessive. The defendant argues that maximum sentences are reserved for the most serious violations of an offense and the worst kind of offender. Defendant claims that, in light of the numerous mitigating factors present in his case, he does not qualify as the worst offender and therefore does not merit the maximum sentence.
The defendant is single, 29 years old, and has one dependent. He has a ninth grade education and has never received his GED. The trial court considered defendant’s employment record; he worked for several months in a pizza restaurant and as a painter for several years before that. These mitigating factors, defendant argues, along with his first felony offender status, render the five-year hard labor sentence constitutionally excessive. We disagree.
Although the defendant is a first felony offender, he has a rather significant criminal record. The defendant had a juvenile record; although the extent of his juvenile record is not disclosed by the appellate record, the defendant did spend approximately a year and one-half on juvenile probation. As an adult, the defendant has four misdemeanor convictions: DWI, disturbing the peace, criminal trespass, and simple battery. The defendant also has several arrests for felony offenses: second degree murder, armed robbery, and forgery, although he has never been convicted on any of these offenses. Other factors also support the five-year sentence. The defendant admitted to the frequent use of both cocaine and alcohol, which use continued until his arrest on the instant charge. The defendant also described himself as a small-time cocaine dealer.
Finally, the defendant acknowledged that he distributed cocaine to the confidential informant. Distribution of cocaine carries a penalty of from five to thirty years at hard labor with a possible fine of up to $15,000. The defendant received a substantial benefit from his plea bargain agreement, limiting his potential exposure to a maximum of five years with or without hard labor and/or a fine of up to $5,000. Although the defendant received the maximum prison sentence for simple possession of cocaine, the five years at hard labor is the minimum sentence for the actual crime he committed, distribution of cocaine. This fact alone would seem to justify the sentence imposed.
In light of the beneficial plea agreement, along with the defendant’s past criminal activity and history of drug use, we find the five-year hard labor sentence is not constitutionally excessive. Accordingly, it is affirmed.
AFFIRMED.